UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EMILE FRISARD, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-5903** |
| **PHILIP LUKE** | * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 6) and the Defendant's Motion to Dismiss Under Rule 12(b)(6) (Rec. Doc. 8). For the following reasons, the Plaintiffs' Motion to Remand is GRANTED. Accordingly, the Defendant's Motion to Dismiss is DENIED AS MOOT.

### I.   BACKGROUND

This case arises from a dispute regarding flood insurance coverage for the Plaintiffs' home located at 3931 North Lebarre Road in Metairie, Louisiana, which suffered damage as a result of Hurricane Katrina. The sole Defendant in this case is Philip Luke, a State Farm insurance agent who sold the Plaintiffs a flood insurance policy issued pursuant to the National Flood Insurance Program.[1]

In August of 2006, the Plaintiffs filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiffs allege that Luke negligently advised them that their enclosed "garage" would be included within the flood insurance coverage they purchased, but that State Farm subsequently denied their claim on the grounds that a car

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

could not be parked in the enclosed structure and, therefore, that the structure was not in fact a "garage." The Plaintiffs also seek bad faith damages, including penalties and attorneys' fees.

The Defendant removed this case to federal court on September 13, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369; and (3) the Federal Officer Removal Statute, 28 U.S.C. § 1442. On October 10, 2006, the Plaintiffs filed the instant motion to remand. The Defendant subsequently filed a Motion to Dismiss on October 24, 2006, arguing that the Plaintiffs have failed to state a claim upon which relief can be granted.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.     Federal Question Jurisdiction

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). *See* 42 U.S.C. § 4072. Section 4072 has

been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP. *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006). But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy. *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006). The Court finds that the Plaintiffs in this case have asserted claims related to the procurement of an SFIP against their agent only, and thus that federal question jurisdiction does not exist.

### B.      Multiparty, Multiforum Trial Jurisdiction Act

The Defendant also asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). The Defendant contends that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendant is a party to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving

---

[2] For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

### C.      Federal Officer Removal Statute

Alternatively, the Defendant asserts that removal was proper pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides in pertinent part:

> (a)  A civil action . . . commenced in a State Court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1)  The United States . . . or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

The purpose of this statute is to provide a federal forum in cases where federal officials are entitled to raise a defense arising out of their official duties.  *See Arizona v. Manypenny*, 451 U.S. 232, 241 (1981).  Though generally remand to state court is favored when removal jurisdiction is questionable, removal jurisdiction under the Federal Officer Removal Statute must be broadly construed.  *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969).  Indeed, the Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction.

*See Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992).

Removal is proper pursuant to § 1442(a)(1) if the removing party (1) is a "person," (2) that acted under color of federal authority when committing the allegedly tortious conduct, and (3) can assert a colorable federal defense. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998) (applying three-part test elucidated by the United States Supreme Court in *Mesa v. California*, 489 U.S. 121 (1989)).

In this case, the Defendant "has done little more than assert that federal regulations govern flood insurance. [He] has not established a nexus between such regulation and the specific conduct on which plaintiff's claim is based." *See Rizzuto v. Bianchini*, No. 06-6883, 2006 WL 3332832, at *5 (E.D. La. Nov. 14, 2006) (citing *Winters*, 149 F.3d at 399). Accordingly, the Court finds that the Federal Officer Removal Statute does not confer jurisdiction in this case.[3]

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for

---

[3] The United States Supreme Court has agreed to address the question of "[w]hether a private actor doing no more than complying with federal regulation" is entitled to remove a civil action brought in state court under state law to federal court pursuant to the Federal Officer Removal Statute. *See Watson v. Philip Morris Cos., Inc.*, 420 F.3d 852 (8th Cir. 2005), *cert. granted*, 74 U.S.L.W. 3588, 2007 WL 80665 (U.S. Jan. 12, 2007) (No. 05-1284). Although it can be argued that the Federal Officer Removal Statue is currently easier to invoke in the Fifth Circuit than in several other Circuits, see *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424 (11th Cir. 1996) (asking whether the private party was acting in an official capacity in enforcing federal law), *Venezia v. Robinson*, 16 F.3d 209 (7th Cir. 1994) (same), *Camacho v. Autoridad de Telefons de Puerto Rico*, 868 F.2d 482 (1st Cir. 1989) (same), the Court nevertheless finds that, under *Winters*, the private party in this case was not "acting under" a federal officer for purposes of the statute.

the Parish of Jefferson, State of Louisiana.  IT IS FURTHER ORDERED that the Defendant's Motion to Dismiss is DENIED AS MOOT.

New Orleans, Louisiana, this  22nd  day of   January  , 2007.

_____
UNITED STATES DISTRICT JUDGE